IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt)

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MARYLAND, COLLEGE PARK, *et al.*<br><br>Defendants. | ) | Civil Action No. 8:22-cv-00872-PX |

**PLAINTIFF'S OPPOSITION TO DEFENDANT SALEM'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant Rachel Salem attempts to short circuit this litigation by moving for summary judgment before discovery. She asserts – in less than a page – that her blanket denial of the allegations in the Complaint entitle her to immediate final judgment in her favor. That is not how litigation works. Her motion for summary judgment is premature and must be denied.

## BACKGROUND

John Doe filed his Complaint on April 11, 2022, against Defendants the University of Maryland College Park, Hailey Chaikin, and Rachel Salem. Following extensions, Defendants filed their respective motions to dismiss on June 6, 2022. Defendants Chaikin and Salem filed a consolidated motion, which included a motion to dismiss as well as a motion for summary judgment as to Defendant Salem. ECF

No. 30. In the motion, Defendant Salem critiques Doe and his counsel[1] and requests the extreme remedy of summary judgment, before discovery.

In support of her motion for summary judgment, she submits an affidavit essentially claiming in cursory fashion that she was not on campus during the fall of 2021 and did not commit any of the alleged conduct. ECF No. 30-2 at ¶¶ 2-6 ("at no time was I in any way involved in the events specified in the Complaint … [and that] [a]fter January 19, 2022, I was still not involved in anything concerning Mr. Doe that it [sic] recited in the Complaint."). Notably, whether she was on campus is not dispositive of Doe's allegations against Defendant Salem as none of the allegations require her to be physically on campus and could be accomplished through text message, social media, etc. Further, some of the allegations took place during the Spring semester of 2022. *E.g.,* ECF No. 1, ¶¶63-64. Neither her brief motion nor her affidavit take into account that Doe includes in his Complaint a reference to a public forum wherein Defendant Salem is leading a PSA meeting (thus, her affidavit that she did not participate in "any" of the alleged conduct is false on its face).[2] *Id.*

---

[1] Doe notes that while Salem condemns Doe and his counsel for alleged failures to comply with the federal and local rules, her motion fails to comply with basic citation structure and formatting rules, including that a motion be accompanied by a memorandum in support and a proposed order. Md. Dist. Ct. R. 105(1) ("Any motion and opposition to a motion shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it and a proposed order.").

[2] See, *infra*, n.5.

In response to Defendant Salem's motion for summary judgment, Doe files this opposition and declaration (see Exhibit 1 attached hereto) concurrent with his filing of a First Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B). Doe's declaration clearly sets forth that whether Defendant Salem participated in the alleged harm against Doe is a disputed material fact. Exhibit 1, Pls. Decl. Doe is not able to develop the specifics of the communications without discovery in this matter. Exhibit 1, Pls. Decl. ¶13. Accordingly, Defendant Salem's motion should be denied, giving Doe the opportunity to fully develop the factual record.

## ARGUMENT

As an initial matter, Doe's filing of his First Amended Complaint very likely mooted Defendant Salem's Motion for Summary Judgment (and certainly mooted Defendants' Motions to Dismiss). *Turner v. Kight*, 192 F. Supp. 2d 391 (D. Md. 2002), *aff'd*, 121 Fed. Appx. 9 (4th Cir. 2005) ("The Court will thus deny as moot the State and County Defendants' respective first motions to dismiss, or in the alternative, for summary judgment. Instead, the Court will consider the Plaintiff's amended complaint ..."). There is case law, however, holding that filing an amended complaint does not always moot a motion for summary judgment. *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 414 (D. Md.), *aff'd*, 479 F. App'x 497 (4th Cir. 2012) (treating a motion for summary judgment directed not towards the pleading but towards the "merits of the substantive claim" as not mooted by the filing of an amended complaint). Thus, while it is clear that Defendants' Motions to Dismiss

are mooted, it is not quite as clear as to Defendant Salem's Motion for Summary Judgment. In the event that Defendant Salem's Motion for Summary Judgment is not moot, Doe submits the following in opposition.

## I. Legal Standard.

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine issue of material fact" exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Therefore, summary judgment should only be granted where a reasonable jury could not find for the nonmoving party, given the evidentiary record. *Anderson*, 477 U.S. at 251-252. Further, the Court "is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Here, there are disputed material facts and the Parties have not had the opportunity to develop the record. Defendant Salem's motion should be denied.

## II. Summary judgment should not be granted without an adequate record.

"By its very nature, the summary judgment process presupposes the existence of an adequate record." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013). "A district court therefore 'must refuse summary judgment where the nonmoving party has not had

the opportunity to discover information that is essential to [its] opposition.'" *Id.* (*citing Nader v. Blair,* 549 F.3d 953, 961 (4th Cir.2008)) (alteration in original).

Contrary to this Fourth Circuit precedent, Defendant Salem moves for summary judgment before any true factual record has been developed and before any discovery. Defendant Salem bears the initial burden of this extraordinary ask, which is to show, before discovery, that there is no disputed material fact and that she is entitled to judgment as a matter of law. *Seventeen S., LLC v. D.R. Horton, Inc.*, No. CV 4:13-03119-BHH, 2016 WL 2610075 (D.S.C. May 6, 2016), (*citing* Fed. R. Civ. P. 56). Defendant Salem presents no facts or caselaw supporting her argument that the extraordinary remedy she seeks is appropriate at this early stage of litigation; she cannot carry her burden.

In support of her motion, Defendant Salem merely alleges that she was (1) not on campus during the Fall 2021 semester, and (2) had no involvement with the allegations in the Complaint. These assertions do not entitle Defendant Salem to summary judgment as her first contention plainly does not support her argument for summary judgment and her second contention is disputed.

First, even taking Defendant Salem at her word that she was not on campus during the Fall 2021 semester does not entitle her to summary judgment because it is entirely possible for her to have caused Doe the alleged harm (defamation and intentional infliction of emotional distress) without being physically present on campus. Indeed, Defendant Salem may have committed the same acts through text message, social media, or a simple phone call. Therefore, her allegation that she was

not on campus during the Fall 2021 semester, even if true, does not support granting her summary judgment. *See, e.g., Publish Am., LLP v. Stern,* 84 A.3d 237, 247, n. 16 (2014) (describing that defamation includes libel, which does not necessarily involve a defendant's speech in the physical presence of a third party).

Defendant Salem's second contention, that she did not engage in any way with any of the events referenced in the Complaint, is disputed and likewise precludes summary judgment. Fed. R. Civ. P. 56; *see* Exhibit 1, Pls. Decl. The president of the club lacrosse team told Doe that the PSA co-presidents (Defendants Chaikin and Salem) contacted the club lacrosse team and defamed him. *See* ECF No. 1, ¶¶63-64; Exhibit 1, Pls. Decl. ¶¶5-9.[3] There is simply no way the Court can resolve this dispute of material fact at this time; either Salem was involved in the events detailed in the Complaint – including defaming Doe to the club lacrosse team – or she was not.[4]

---

[3] Per Fed. R. Civ. P. 56(d), when a nonmovant shows by affidavit that he is unable to "present facts essential to justify its opposition," the Court may, among other things, deny the motion for summary judgment or permit discovery in advance of its ruling. *See Greater Baltimore Ctr. for Pregnancy Concerns, Inc.*, 721 F.3d at 281 (a district court's denial of discovery before grant of summary judgment to defendant was an abuse of discretion). Of course, Doe cannot yet probe and set forth the exact mechanism by which Defendant Salem committed tortious acts unless he is permitted to proceed to discovery, where he might, among other things, depose the club lacrosse team's president, University of Maryland officials, or Defendant Salem herself. Exhibit 1, Pls. Decl. ¶13.

[4] The Court should note, however, that Defendant Salem's assertion that she was "at no time … in any way involved in the events specified in the Complaint" is contradicted by publicly available information. For example, Doe's allegations that Salem and Chaikin spoke in a public forum that PSA had a special influence over OCRSM and that it was "their job" to let students know "who the predators are," are supported by an Instagram video posted by PSA itself. *See* ECF No. 1, ¶¶63-64; Instagram, @psa-umd, https://www.instagram.com/tv/CZdIj4CpzuQ/ (Feb. 1, 2022).

Without discovery, these facts remain disputed. Accordingly, Defendant Salem cannot prove, as a matter of law, that the evidence "is so one-sided that [she] must prevail" (*Anderson*, 477 U.S. at 252) and the Court must deny the motion for summary judgment. *Greater Baltimore Ctr. For Pregnancy Concerns, Inc.*, 721 F.3d at 281.

In the alternative, the Court should permit Doe to take discovery to present these facts essential to his opposition, including but not limited to Defendant Salem's conversation with the club lacrosse team's president. Fed. R. Civ. P. 56(d)(2); *First Chatham Bank v. Landers*, No. 2:11-CV-238-PMD, 2011 WL 1671559, at *2 (D.S.C. May 3, 2011) (holding summary judgment in abeyance and permitting additional discovery to develop the summary judgment record).

In sum, Defendant Salem asks the Court to grant her summary judgment before discovery. ECF No. 30, ¶¶5-10. Her only citations to the "record" are her own words (contradicted by the public record) and that of her doctor, both of which, at most, establish that Defendant Salem was not physically on campus until January 19, 2022. Even accepting that as true, Defendant Salem could have committed the acts constituting defamation and IIED through mechanisms that did not require her

---

*See Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 502-503 (D. Md. 2019) (the Court may take judicial notice of matters of public record and other adjudicate facts); Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). In the video, Defendant Salem is in plain view and introduces herself. Therefore, at the very least, she was involved in some events alleged in the Complaint. Thus, her assertion under oath to the contrary is false, and her affidavit is fatally undermined.

to be physically on campus and some of the conduct alleged indeed occurred in the Spring semester of 2022. Further, Defendant Salem's affidavit is controverted by public record as well as Doe's declaration wherein it was made clear to him that the PSA co-presidents (Defendants Salem and Chaikin) both participated in the alleged harm. Thus, there are disputed material facts as well as a clear need to develop the factual record through discovery. Her motion should be denied.

## CONCLUSION

For the above reasons, the Court should deny Defendant Salem's Motion for Summary Judgment. In the alternative, the Court should permit Doe to take discovery on the issues relevant to his claims.

Dated: June 20, 2022

Respectfully submitted,

*/s/* Amy L. Bradley

Amy L. Bradley, MD #1806050002
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
Phone: (703) 883-0880
Fax: (703) 883-0899
Email: abradley@brigliahundley.com

Lindsay R. McKasson, *pro hac vice*
Benjamin F. North, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930

Email: lindsay@binnall.com
ben@binnall.com

*Counsel for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/* Amy L. Bradley
Amy L. Bradley, MD #1806050002

*Counsel for Plaintiff John Doe*