**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| **JOHN DOE** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 22-CV-00872-PX** |
| | ) | |
| **THE UNIVERSITY OF MARYLAND, COLLEGE PARK, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**REPLY TO RESPONSE TO MOTION TO DISMISS COUNTS III AND IV AND FOR SUMMARY JUDGMENT AS TO RACHEL SALEM**

Now come the Defendants, Hailey Chaikin and Rachel Salem, by their attorneys, John J. Condliffe, Esq., Debra B. Cruz, Esq., and Levin Gann PA, *pro bono publico*, on referral from the Maryland Coalition Against Sexual Assault, who reply to Plaintiff's Response to their Motion to Dismiss, for Summary Judgment and other relief and state as follows:

*Use of Pseudonym; Violation of F.R.Civ.P. 10*

1. Plaintiff has not replied in any respect to the motion concerning his violation of F.R.Civ.P. 10 except for a footnote in their First Amended Complaint suggesting they will ask permission. Interestingly, John Doe has filed an affidavit in support of Response to Motion for Summary Judgment and the court has no idea of his identity. Admittedly the Defendants do know who he is, but still, the Court does not.

*Summary Judgment for Rachel Salem*

2. Ms. Salem has filed a clear affidavit that she was not on campus for most of the events which are the subject of the complaint. The affidavit is also clear that she was in no way involved in any of the complained of events. Mr. Doe suggests that the affidavit is cursory. That

is not correct. The affidavit is short because it takes few words to say you were simply not involved at all. It should not be lost on the court that Ms. Chaikin does not deny that she is correctly identified. But as previously stated she denies the entire factual basis of the lawsuit beyond that. Regrettably Ms. Chaikin will be compelled to suffer through the discovery process.

3. Mr. Doe claims he should be entitled to discovery as to Ms. Salem. The only evidence he has against Ms. Salem as set forth in his affidavit is not competent. The entirety of his allegations against Salem are inadmissible hearsay pursuant to F.R.E. 802. None of the exceptions set forth in F.R.E. 803(1)-(24) apply. As noted in *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed. 202, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly-supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

4. Mr. Doe finally argues that he should be permitted discovery in the face of Ms. Salem's categorical denial that she was in any way involved based, again, on incompetent evidence. This should not be permitted as it forces a completely uninvolved person through unfounded litigation.

*Dismissal of Counts III and IV*

5. Defendants Ms. Chaikin and Ms. Salem will respond to the Mr. Doe's First Amended Complaint in due course pursuant to F.R.Civ.P. 15(a)(3).

WHEREFORE, Defendants Chaikin and Salem request that they be granted the following relief:

A. That Plaintiff be compelled to seek the Court's approval for use of a pseudonym in lieu of the requirements of F.R.Civ.P. 10;

B. That should leave be granted for the use of pseudonyms, that a Complaint complying with F.R.Civ.P. 10 be filed under seal so that Defendants can be certain of the identity of individuals for whom pseudonyms are used;

C. That summary judgment be granted in favor of Defendant Rachel Salem and against Plaintiff.

John J. Condliffe

John J. Condliffe, Esq.
Levin & Gann, P.A.
1 West Pennsylvania Avenue, Suite 900
Towson, MD 21204
410-321-4659
jcondliffe@levingann.com
Federal Bar No. 09010