IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt)

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 8:22-cv-00872-PX ) |
| THE UNIVERSITY OF MARYLAND, COLLEGE PARK, *et al.* | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

This action arises from a false accusation of sexual misconduct brought against Plaintiff John Doe ("Doe") by a fellow student of the University of Maryland, College Park (the "University"). After Doe was fully exonerated of horrendous and malicious false allegations, the University repeatedly refused to protect his rights as a student. The University allowed Doe to be publicly defamed as a rapist by students who worked closely with the University's Title IX office. When Doe submitted his complaints to the University alleging violations of University policy, including retaliation and sexual harassment, the complaints were ignored by the University.

Accusations of sexual misconduct is fundamentally a private matter. In the current social climate, even an accusation of gender-related violence is sufficient to brand someone for life. Moreover, Doe is concerned about the possibility of acts of reprisal against him should the allegations be publicized. Therefore, Doe seeks to

1

proceed under the pseudonym "John Doe" and his accuser under the pseudonym "Jane Roe" to protect both his and his accuser's identities.

Doe's counsel conferred with Defendants' counsel on June 23, 2022, before filing this motion. The Office of the Attorney General, representing both the University and the individual defendants working for the University, have no objection to Doe proceeding under pseudonym. Defendants Hailey Chaikin and Rachel Salem do not consent to this motion.

## BACKGROUND

John Doe filed his Complaint on April 11, 2022, against Defendants the University of Maryland, College Park, Hailey Chaikin, and Rachel Salem. Doe filed a First Amended Complaint on June 20, 2022. ECF No. 33. The actions stem from Jane Roe filing a false complaint against Doe on October 27, 2020, alleging sexual assault. *Id.* at ¶¶ 14-16. A resulting investigation exonerated Doe, finding that Roe had fabricated evidence and was not sexually assaulted. *Id.* at ¶ 17.

The damage was still done, however, as Doe was dragged through a Title IX process at the University, spanning over ten months and costing him over $100,000 in legal fees. *Id.* at ¶ 47. This was all despite the fact that the University had access to evidence that clearly exonerated Doe well before the hearing took place yet still refused to dismiss the matter. *Id.* at ¶¶18-21, 30-43, 46. Particularly, the hearing officer noted that Doe's credibility was "not undermined in a significant way," unlike Roe's. *Id.* at ¶ 57.

Unfortunately, Doe's troubles did not end there. Shortly after the hearing, Roe began to harass and retaliate against Doe, spreading the lie that he was a rapist. *Id.* at ¶¶ 61-62. Defendants Salem and Chaikin ran with this lie, repeating it to various students, telling them not to associate with Doe. *Id.* at ¶ 64. They even went as far as contacting the club lacrosse team, which Doe was affiliated, and telling the club that he was a rapist. *Id.* at ¶ 72. This resulted in Doe being prohibited from attending team events and ultimately being removed from the team. *Id.* at ¶ ¶ 74-75.

Accordingly, Doe made multiple notices and formal complaints of this retaliation and harassment to the University's Office of Civil Rights & Sexual Misconduct ("OCRSM"). *Id.* at ¶ 81. The University, however, dismissed or ignored these complaints and even declined to prevent Defendants Salem and Chaikin from engaging in their defamatory actions, retaliation, and harassment. *Id.* at ¶¶ 82-83. Instead, the University took no action and dismissed Doe's formal complaint. *Id.* at ¶ 90. Because of the University's inaction, Doe has suffered severe emotional distress and has been denied equal access to his education at the University, resulting in this subject suit.

## ARGUMENT

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10(a), 17(a)(1); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit recognizes:

> "[In] appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted."

*James v. Jacobson*, 6 F.3d at 238.

Thus, many courts, including those in the Fourth Circuit, have held under similar circumstances that a party may proceed anonymously. *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018); *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255 (D. Md. Mar. 1, 2017); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016) (allowing plaintiff accused of sexual assault to proceed under pseudonym); *Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (stating that allegations of sexual misconduct are sufficiently sensitive and personal to support proceeding under a pseudonym); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing the alleged perpetrator and victim of sexual assault to proceed under fictitious names); *Doe v. Univ. of Denver*, 2018 WL 1304530 (D. Colo. Mar. 13, 2018); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Salisbury Univ.*, 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the

interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," citing *Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000)).

Thus, courts across the country have granted pseudonym motions in student conduct cases because "[t]he crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue." *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647, at *2 (W.D. Va. Nov. 13, 2018) (internal citations omitted).

The Fourth Circuit has a non-exhaustive five-part test to consider when a plaintiff requests to proceed under a pseudonym. *James v. Jacobson*, 6 F.3d at 238. The factors to be considered are: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *Id.* (citations omitted). These factors weigh in favor of granting Doe's pseudonym motion.

I. **Allegations of Sexual Assault Are a Highly Personal and Sensitive Matter.**

The underlying facts in this case relate to alleged sexual assault, for which Doe was exonerated. Despite this exoneration, Doe was and continues to be labeled a rapist, hindering his education experience. Thus, Doe seeks to minimize the harm of the University's wrongful determination to dismiss Doe's formal complaint for retaliation and harassment. Requiring Doe (as well as Roe) to proceed under their real names would cause the precise harm he seeks to avoid.

In light of the nature of this case, private and intimate details regarding the lives of both Doe and Roe are likely to be at issue. Moreover, the reason for bringing the lawsuit is to restore Doe's reputation. Even if the University and other Defendants are found liable, the harm would already be done if he is required to disclose his identity through this litigation. Doe's name will forever be publicly associated with allegations of gender-based misconduct, specifically, sexual assault. For these reasons, courts have routinely found that in cases involving allegations of this nature, the parties should be allowed to proceed under pseudonym. *See George Mason Univ.*, 179 F. Supp. 3d at 592-94; *Painter v. Doe*, 2016 WL 3766466, at *6.

Since the interests at play here are of a highly sensitive and private nature, this factor weighs heavily in favor of anonymity. Doe is seeking in this litigation to have his reputation restored and prevent future retaliation and harassment. If his name is public, then he cannot be made whole because this sensitive and prejudicial information will be published in the public arena. The damage will have been done.

6

## II. The Identification of Doe Poses Potential Retaliatory Physical and Mental Harm.

Should Doe be required to disclose his true name, he could be targeted for retaliatory physical or mental harm based solely on the false accusation that he committed sexual assault. *George Mason Univ.*, 179 F. Supp. 3d at 593. Doe should not be punished by having his name in the public simply because he seeks to clear his name and prevent future harassment in federal litigation due to the University's inaction.

Under the current social climate, there is no doubt that accusations of sexual misconduct are sufficient to tarnish a reputation. It does not matter that the accused has not been convicted of a crime or exonerated at the school level. It does not change the damage done. Having to live with this public reputation would be detrimental to Doe's physical and mental health.

Moreover, it would be harmful to Roe, the alleged victim, to publicize her name. This factor weighs in favor of anonymity.

## III. Doe was a College Student.

Doe and Roe are young adults. While they are not under eighteen, courts have stated that being over eighteen should not be held against a college student seeking anonymity. *Yacovelli v. Moeser*, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004). Moreover, Doe is at the beginning of his career, having just graduated college. These allegations could be damaging to his career prospects. This factor weighs in favor of anonymity.

7

## IV. The Lawsuit Is Against Both Government and Private Parties.

When a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym than in cases involving private parties, since actions against private individuals may harm their reputations. *Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016). Here, the University and several of its employees are named defendants. As to the employees of the University, they engaged in work for the governmental entity and are being sued in their official and individual capacities. Thus, as to those defendants, there is less concern as held in *Painter*.

There is also a public interest in state activity, including activity that violates constitutional principles. That interest is advanced not only by this litigation proceeding, but also by protecting the identities of Doe and Roe. The only information that the public needs regarding Doe and Roe is that they were both students at the University. There is no public interest in learning the identities of Doe and Roe; it is sufficient that the underlying facts and legal claims are public.

As to Defendants Salem and Chaikin, they are named because they did not participate in the intimate nature of the allegations. Those whose reputations and privacy rights are at risk, are all named pseudonymously (Doe, Roe, Jacob Poe, and James Coe). Although Defendants Salem and Chaikin's reputations are at risk for spreading falsehoods, giving them pseudonyms would not have resulted in keeping their names anonymous because of their activity on campus. Specifically, as PSA co-

presidents, their names are publicly available both on social media platforms as well as on PSA's website.

Accordingly, this factor is neutral, at worst, and at best, favors proceeding under a pseudonym.

### V. There Is No Risk of Unfairness to Defendants.

Allowing Doe to proceed under a pseudonym will not inhibit the Defendants from defending themselves against Doe's allegations. Defendants are aware of Doe and Roe's identities. Indeed, in a recent filing, Defendants Salem and Chaikin admit to knowing Doe's identity. ECF No. 34 at 1. Therefore, permitting Doe and Roe to remain anonymous will not result in any prejudice to Defendants. Further, the Office of the Attorney General, representing the University and its employees, have no objection to Doe proceeding under pseudonym and therefore are not prejudiced. This factor also weighs against revealing Doe and Roe's identities to the public.

### CONCLUSION

The Court should allow Doe to proceed under a pseudonym because of the private nature of the issues before the Court. There is no unfairness to Defendants as the identity of Doe is known by the Defendants. Therefore, Doe requests that he be allowed to proceed under a pseudonym for the duration of this litigation.

Dated: June 24, 2022                                   Respectfully submitted,

*/s/* Amy L. Bradley
Amy L. Bradley, MD #1806050002
BRIGLIA HUNDLEY, P.C.

1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
Phone: (703) 883-0880
Fax: (703) 883-0899
Email: abradley@brigliahundley.com


Lindsay R. McKasson, *pro hac vice*
Benjamin F. North, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: lindsay@binnall.com
          ben@binnall.com

*Counsel for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I certify that on June 24, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Amy L. Bradley
Amy L. Bradley, MD #1806050002

*Counsel for Plaintiff John Doe*