# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (Southern Division)

| | |
|---|---|
| JOHN DOE ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | No. 22-CV-00872-PX |
| ) | |
| THE UNIVERSITY OF MARYLAND, ) | |
| COLLEGE PARK, et al. ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## CONSENT MOTION OF DEFENDANTS TO PROCEED UNDER PSEUDONYM

Now come the individual Defendants Two and Three, by their attorneys, John J. Condliffe, Esq., Debra B. Cruz, Esq., and Levin Gann PA, *pro bono publico*, who move proceed under pseudonyms and state,

1. Counsel for the University and the two additional named Defendants in the Amended Complaint along with Counsel for Mr. Doe authorize the undersigned to advise the court they consent to the granting of this motion.

2. Defendant will not re-state all of the applicable case law which is stated in more detail in Defendants' original Motion to Dismiss and in Plaintiff Doe's Motion on the same subject of pseudonyms. The Defendants will move right to the five-part test set forth in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

<u>(1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter</u>

3. Both Defendants take pride in their work on behalf of men and women victimized by conduct ranging from sexual assault to catcalling. They stand accused in this case of defamation

committed with malice against the Plaintiff, a very serious allegation indeed.  Both Defendants just graduated from the University of Maryland, College Park.  Defendant Two is still job hunting in her field.  Defendant Three secured a job in her chosen field of public relations.  Defendant Three, who has a less common name than many, was shocked to discover that a Google search of her name yields as the fifth entry, pleadings in this case.  For Defendant Two, she shares her name with others with many online entries.  Defendant Two is concerned that could change as the case progresses.

4.For both, however, searches on Google, PACER, Judiciary Case Search, etc. are all standard practices for many employers.  They are at the beginning of their professional careers.  They are greatly concerned about the potential impact on future employers because of these serious allegations which they absolutely reject.  Defendant Two, in point of fact, defends these allegations in that she was simply uninvolved—distinct from Defendant Three who defends these allegations as simply wrong or grossly conflated.

<u>(2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification</u>

5.As to Defendant Two, the court is referred to the physician note, Exhibit 1 to her Motion for Summary Judgement.

<u>(3) the ages of the persons whose privacy interests are sought to be protected</u>

6.Both these Defendants are young women at the very beginning of their adult and professional lives.  Misuse of the allegations against them could have a profound negative impact.  The *James* court considered this a very significant factor

<u>(4) whether the action is against a</u>
<u>governmental or private party</u>

7. The same factors strongly favoring proceeding anonymously for a Plaintiff against a government entity certainly should apply to the two individual Defendants.

<u>(5) whether there is a risk of unfairness to the</u>
<u>opposing party in granting the motion.</u>

8. Since there is full consent to this motion there must be no risk of unfairness as a matter of law.

<u>Final procedure issue</u>

9. The undersigned discussed with Plaintiff's counsel whether to seek a re-filing of all pleadings to date with the Defendants' new pseudonyms (presuming this motion is granted). That would be accompanied by a request to then seal all pleadings with their actual names. This would be a substantial amount of work for Plaintiff and Defendants. For the moment, Your Defendants will be satisfied with removing further use of their names from the public record. They will reserve the question of seeking a re-filing of pleadings to date and hope it is not needed in the future.

**WHEREFORE,** Defendants pray their motion be granted

*John J. Condliffe*
_____
John J. Condliffe, Esq.
Levin & Gann, P.A.
1 West Pennsylvania Avenue, Suite 900
Towson, MD 21204
410-321-4659
jcondliffe@levingann.com
Federal Bar No. 09010