IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 22-CV-00872-PX |
| | ) | |
| THE UNIVERSITY OF MARYLAND, | ) | |
| COLLEGE PARK, et al. | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**DEFENDANT THREE'S ANSWER TO COUNT III
OF AMENDED COMPLAINT (Corrected)**

Now come the Defendant, Defendant Three, by her attorneys, John J. Condliffe, Esq., Debra B. Cruz, Esq., and Levin Gann PA, *pro bono publico*, on referral from the Maryland Coalition Against Sexual Assault, who Answers Count III of the First Amended Complaint and states,

1. Defendant Three can neither admit or deny ¶ 1.

2. Defendant Three admits ¶ 2.

3. Defendant Three admits and denies ¶ 3 and 4 of the complaint in that the it is not clear when certain events may have happened.

4. Defendant Three can neither admit or deny ¶¶ 5-6

5. Defendant Three, through counsel, has not formed a legal opinion as to ¶¶ 7-8 and declined to admit or deny the legal assertions contained therein.

6. Defendant Three admits ¶ 9.

7. Defendant Three can neither admit or deny ¶ 10.

8. Defendant Three admits ¶ 11 in that this is what the University claims.

9. Defendant Three can neither admit or deny ¶ 12.

10. Defendant Three admits ¶ 13 in that this is what the University claims.

11. Defendant Three can neither admit or deny ¶¶ 14-62.  For some of the allegations contained in these paragraphs, Defendant Three may have 2nd or 3rd hand knowledge but she has no personal knowledge beyond that.

12. Defendant Three can neither admit or deny ¶ 63.  The truth or falsity of the allegation that Plaintiff is a rapist is a factual issue for the finder of fact upon which discovery will be conducted.

13. Defendant Three denies ¶ 64.

14. Defendant Three admits ¶ 65 though she thinks "recognized" and not "chartered" is the correct term.

15. Defendant Three denies ¶ 66.

16. Defendant Three admits ¶ 67.

17. Defendant Three denies ¶¶ 68-71.

18. Defendant Three can neither admit or deny ¶¶ 72-73.

19. Defendant Three denies ¶ 74.

20. Defendant Three denies the first sentence of ¶ 75 and can neither admit or deny the second sentence.

21. Defendant Three denies ¶¶ 76-78.

22. Defendant Three admits ¶ 79 in that she knew Doe was not under investigation as it pertains to the Roe allegations.

23. Defendant Three can neither admit or deny ¶¶ 80-93.

24. Defendant Three admits ¶ 94 in that she knew of the additional formal complaint when it was dismissed. She does not recall knowing about the complaint before then. Defendant Three can neither admit for deny whether PSA was a named Respondent though the dismissal letter would suggest PSA was not a Respondent.

25. Defendant Three can neither admit or deny ¶ 95.

26. Defendant Three denies ¶ 96.

27. Defendant Three can neither admit or deny ¶¶ 97-101.

28. Defendant Three admits ¶ 102 only in that she knew something happened between Doe and Roe on that date.

29. Defendant Three can neither admit or deny ¶¶ 103-109.

30. Paragraphs pertaining to Counts I, II, IV and V are not responded to in that they do not pertain to Defendant Three. Count IV is not responded to as a Motion to Dismiss is filed concurrently with this Answer to Count III.

31. Defendant Three admits that ¶ 137 is a reasonable initial statement of the tort of defamation subject to many different additional legal elements.

32. Defendant Three denies ¶¶ 138-139.

33. Defendant Three denies ¶ 140 since among other reasons, as a matter of law, the proceedings between Doe and Roe have no *res judicata* effect on her.

34. Defendant Three denies ¶¶ 141-147.

WHEREFORE, Defendant Three prays that judgment be entered in her favor and the case dismissed.

*John J. Condliffe*

_____
John J. Condliffe, Esq.
Levin & Gann, P.A.
1 West Pennsylvania Avenue, Suite 900
Towson, MD 21204
410-321-4659
jcondliffe@levingann.com
Federal Bar No. 09010