**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MARYLAND, COLLEGE PARK, *et al.*<br><br>Defendants. | ) | Civil Action No. 8:22-cv-00872-PX |

**STIPULATED PROTECTIVE ORDER**

The parties have agreed to enter into this Stipulated Protective Order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to establish the means by which confidential information will be disclosed. The parties agree to be bound by this Order, which will govern the production of documents and information in this action, and request its entry by this Court. Should any other party or third-party to this action wish to obtain access to the documents or information produced in this action, it must agree in writing to adhere to the terms of this Order and be fully bound to it as a signatory, or else move the Court for further relief which Plaintiff or Defendant(s) may oppose given the confidential information at issue in these proceedings.

It is hereby ORDERED as follows:

1. If either party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery

or other request are confidential and should not be disclosed other than in connection with this action and pursuant to this Order, the party or attorney may designate as "CONFIDENTIAL" any documents, information, testimony, exhibits, or other discovery material that contains "Confidential Information," as defined in paragraph 2 below.

2. "Confidential Information" includes personal identifying information and non-public information regarding students, employees, customers, and other persons, third-parties, or non-parties, the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating party, would reveal information that may result in harm and should be maintained as confidential. The exclusion of any type of information from the preceding sentence in no way implies that such information may not be designated as Confidential Information, so long as the designating party in good faith believes that it constitutes Confidential Information. In designating information as Confidential Information, the designating party will designate only material that it in good faith believes contains Confidential Information. Confidential Information shall also include information contained within any document, testimony, or other discovery material designated in accordance with this Stipulated Protective Order as "CONFIDENTIAL" and all copies thereof.

3. Either party or attorney shall designate in good faith Confidential Information to be protected by this Order as follows:

a) By imprinting the word "CONFIDENTIAL" on the face of each page of a document;

b) By designating, either in the file's name or in a cover letter, the production of an electronic-formatted material (i.e., videos, direct/text messages) as "CONFIDENTIAL";

c) For written discovery, the word "CONFIDENTIAL" shall be next to or above any response to a discovery request or on each page of a response; or

d) For depositions, by indicating on the record at the deposition, or within 14 days of the deposition, which portions of the transcript and/or responses should be treated as Confidential Information per this Order. All such designated portions of depositions, including corresponding portions of deposition transcripts and any copies thereof, may be disclosed only as provided in this Order. The parties may, as provided in paragraph 8 of this Order, contest designation of depositions (or portions thereof) as Confidential Information.

4. The parties agree that all Confidential Information marked "CONFIDENTIAL" or the contents thereof shall not be distributed, disclosed, transmitted, or otherwise divulged to any person other than the following:

a) Counsel of record and their firm's attorneys, paralegals, and clerical staff employed by such counsel or counsel's firm[1] who are required in good faith to provide assistance in the conduct of the litigation in this action;

b) Independent experts or consultants who are assisting counsel of record in this action and for no other purpose;

c) Court reporters employed in connection with this action;

d) E-Discovery vendors employed or contracted in connection with this action;

e) Witnesses at depositions in this action;

f) Mediators, witnesses at trial, and jurors; and

g) Any other person as to whom the producing party agrees in writing.

The parties agree that, but for the persons listed in subparts a through g of this paragraph, no other person will be allowed to view, examine, or copy any Confidential Information in whole or in part. The parties further agree that persons to whom Confidential Information is disclosed as provided for herein may use the Confidential Information only in good faith for the purpose of this action and may not use it for any other purpose at any time, including after the termination of this action. Nothing contained in this Order shall prevent the use of any document or other

[1] "Firm" as used here includes the Office of the Attorney General of Maryland.

material marked "CONFIDENTIAL" or the contents thereof at any discovery deposition taken in this action.

The contents of the Stipulated Protective Order will be made known to any person provided for in subparts a through g of this paragraph, and each person shall agree to be bound by the terms of this Order as a condition of disclosure of Confidential Information. The disclosing party shall be responsible for taking reasonable measures to ensure such person's compliance with the terms of this Order as a condition of his/her examination of the Confidential Information.

5. A party's inadvertent failure to designate Confidential Information as such shall not constitute a waiver of its confidential nature. In addition to any rights provided by Fed. R. Civ. P. 26 related to inadvertent disclosure, a party may correct such failure by providing written notice of the error and substituted copies of the inadvertently undesignated Confidential Information, or by designating appropriate portions of the deposition transcript. From the time a party gives notice of the error, the information will be treated as Confidential Information. Any party receiving inadvertently undesignated Confidential Information shall make reasonable efforts to retrieve the same from persons not entitled to receive such material hereunder upon notice of its designation as Confidential Information.

6. Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as Confidential

Information is entitled to protection under this Order or any law, rule, or order of the Court. Nothing in this Order shall be construed as granting any person or entity a right to receive specific Confidential Information where a court has entered an order precluding that person or entity from obtaining access to that information.

7. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (8) of this Confidentiality Order.

8. Notwithstanding this Order, each party reserves the right to challenge a designation of documents (or portions thereof) as Confidential Information. Should either party object to a designation of any information as Confidential Information, counsel shall notify opposing counsel of the objection. If the disagreement is not resolved after counsel for the parties confer in good faith, either party may move the

Court for an order that the designated documents (or portions thereof) shall not be protected by this Order. The burden of proving confidentiality of the designated information remains with the party asserting such confidentiality, except that the parties agree that the names and other identifying information of students (including John Doe, Jane Roe, and Defendants Two and Three) shall be treated as confidential until further order of Court. Any challenged documents (or portions thereof) shall be treated as Confidential Information and subject to the terms of this Order pending resolution by further order of the Court.

9. If any document containing Confidential Information is filed with the Court, the filing party shall make reasonable efforts to protect Confidential Information to the extent permitted by the Court. Prior to disclosure of Confidential Information at any hearing, the producing party may seek further protections against public disclosure from the Court.

10. At the conclusion of this litigation (whether by settlement or by a judgment that has become non-appealable), if any of the information contained in records designated as Confidential Information is reproduced in whole or in part, in any manner, by any means, such information shall be destroyed by shredding or returned to the producing party. As for materials that contain Confidential Information but that also constitute attorney work product, counsel for the parties shall maintain such records in a manner consistent with the terms of this Order. Counsel shall be entitled to retain complete copies of all deposition transcripts, exhibits, pleadings, or other filings with this Court, provided that the documents are

maintained in accordance with this Order and the ethical obligations imposed upon counsel for the parties under the Maryland Rules of Professional Conduct.

11. After the termination of this action or any subsequent appeals, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed.

12. In the event of a breach, the party alleging the breach shall be entitled to apply to this Court for appropriate relief.

13. This Order does not constitute a ruling upon the question of whether any particular record is properly discoverable and does not constitute a ruling upon any potential objection to the discoverability or admissibility of any record.

*/s/ Benjamin F. North*
Benjamin F. North, *pro hac vice*
Jason C. Greaves, *pro hac vice*
Shawn Flynn, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: ben@binnall.com
jason@binall.com
shawn@binall.com

Amy L. Bradley (21417)
BLANKINGSHIP & KEITH, PC
4020 University Dr. Ste. 300
Fairfax, Virginia 22030
Phone: (703) 691-1235
Fax: (703) 691-3913
Email: abradley@bklawva.com

*Counsel for John Doe*

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Ann M. Sheridan
______________________________
ANN M. SHERIDAN
Federal Bar No. 11137
CATHERINE A. BLEDSOE
Federal Bar No. 11376
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 17th Floor
Baltimore, Maryland 21202
asheridan@oag.state.md.us
(410) 576-6559
(410) 576-6437 (facsimile)

Entered: _____________, 2023

______________________________
JUDGE PAULA XINIS
United States District Judge

**EXHIBIT A**

PROTECTIVE ORDER IN

*JOHN DOE v. UNIVERSITY OF MARYLAND COLLEGE PARK, et al.*,

Case No.: 8:22-cv-00872

I, ______________________________________ , declare:

1. My address is ______________________________________________________.My present occupation is _____________________________________________________.

2. I have received a copy of the Protective Order in this litigation. I have examined and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for the purposes of this litigation, any Confidential Information (as defined in the Order) which I receive or review in this action.

Executed this _______ day of __________________, at __________________.

I declare under penalty of perjury that the foregoing is true and correct.

____________________________________________