IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 8:22-cv-00872-PX |
| | ) |
| THE UNIVERSITY OF MARYLAND, | ) |
| COLLEGE PARK, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff John Doe, by counsel, submits to the Court two newly issued opinions on deliberate indifference law from the United States Court of Appeals for the Fourth Circuit, attached hereto as Exhibit A, *Blair v. Appomattox Cnty. Sch. Bd.*, 147 F.4th 484 (4th Cir. 2025), and Exhibit B, *Strickland v. Moritz*, No. 24-2056, 2025 WL 2371035 (4th Cir. Aug. 18, 2025). These cases, taken together, add further clarity to the deliberate indifference standard in the Fourth Circuit and make even clearer that Defendants here are not entitled to summary judgment.

First, in *Blair*, the Fourth Circuit reversed a district court's 12(b)(6) dismissal of a Title IX deliberate indifference claim.[1] The (transgender) plaintiff there alleged that she had submitted complaint regarding persistent "bullying and sexual harassment" on the school bus and restroom. *Blair*, 147 F.4th at 492. But despite these repeated complaints, "nothing in the amended complaint suggests that Olsen,

---

[1] The Fourth Circuit also affirmed the district court's order where it dismissed a *Monell* due process claim, which is not relevant here.

Via, or any school administrator interviewed the boys who were harassing S.B. on the bus or took any disciplinary action against them." *Blair*, 147 F.4th at 492. The most that the school board did, after repeated complaints, was to allow the plaintiff to use another bathroom – but it never initiated any disciplinary proceedings or any investigation into the perpetrators. *Id.* The Fourth Circuit described the actions of the school board as responding to the complaints "piecemeal" instead of responding to the complaints as a whole. The court held that while the school board "was not entirely unresponsive[,]" it still failed to adequately respond to the harassment complaints because "[t]here is no indication that Appomattox County School Board took any action against the boys on the bus…" *Id.* And because of the school's inaction, the plaintiff was subjected to further harassment. *Id.*

*Blair* is sharply contrasted by the other recent Fourth Circuit case, *Strickland*, which affirmed a final judgment in favor of the Federal Judiciary on a former employee's deliberate indifference claim under the Equal Protection Clause. *Strickland*, 2025 WL 2371035, at *13-15. In *Strickland*, the plaintiff's supervisor promptly initiated a "Chapter IX" investigation upon the plaintiff's complaints of sexual harassment, implemented a "gatekeeper" to ensure that the plaintiff had no contact with her harasser, and immediately allowed plaintiff to work remotely. *Id.* The Fourth Circuit held that these "concrete steps" were reasonable responses by the employer and therefore the plaintiff had failed to meet her burden to show the response was clearly unreasonable. *Id.*

These cases together make clear that when a school (or federal employer) receives reports of sexual harassment and refuses to initiate any sort of disciplinary proceedings – or even an investigation – that lack of response is likely deliberate indifference. And here, "[t]here is no indication that [the University] took any action against the [young women] on [campus]…" *Blair*, 147 F.4th at 492. Like in *Blair*, the University was almost totally unresponsive to Mr. Doe's harassment complaints; at best, the University responded "piecemeal" which is now clearly insufficient. *Id.*

Dated: September 8, 2025              Respectfully submitted,

*/s/ Benjamin F. North*
Benjamin F. North
Jason C. Greaves, MD Bar No. 2310170002
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
ben@binnall.com
jason@binnall.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I certify that on September 8, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Benjamin F. North
Benjamin F. North

*Counsel for Plaintiff*