IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MARYLAND, COLLEGE PARK, *et al.*<br><br>Defendants. | Civil Action No. 8:22-cv-00872-PX |

**PROPOSED JURY INSTRUCTIONS**

Formatted: Font color: Auto

Plaintiff John Doe, by counsel, and The University of Maryland, College Park, by counsel, (collectively, the "Parties"), respectfully request that this Court use the attached proposed jury instructions to instruct the jury in this matter. The Parties submit these proposed jury instructions pursuant to Rule 51 of the Federal Rules of Civil Procedure, this Court's Local Rule 106.8, and the Court's February 3, 2026, Scheduling Order, Doc. 160, in this matter.

The Parties reserve the right to supplement and amend these proposed instructions and to submit additional proposed instructions based on the Court's rulings before or at trial, or otherwise, as appropriate.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves, MD Bar No. 2310170002
Jared J. Roberts, *pro hac vice*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Kathryn J. Bradley*

BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314

Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jared@binnall.com

*Counsel for Plaintiff*

Sarah A. Marquardt, Federal Bar No. 17294
Kathryn J. Bradley, Federal Bar No. 21242
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
200 Saint Paul Place, 17th Floor
Baltimore, Maryland 21202
kbradley@oag.state.md.us
smarquardt@oag.maryland.gov
(410) 576-6449
(410) 576-6437 (facsimile)

*Attorneys for Defendant University of Maryland, College Park*

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

# TABLE OF CONTENTS


PLAINTIFF'S PROPOSED INSTRUCTION NO. 1.
JUROR ATTENTIVENESS ........ 1

PLAINTIFF'S PROPOSED INSTRUCTION NO. 2.
ROLE OF THE COURT ........ 2

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3
ROLE OF THE JURY ........ 3

PLAINTIFF'S PROPOSED INSTRUCTION NO. 4
JUROR OATH ........ 5

PLAINTIFF'S PROPOSED INSTRUCTION NO. 5
JURY TO DISREGARD COURT'S VIEW ........ 6

PLAINTIFF'S PROPOSED INSTRUCTION NO. 6
CONDUCT OF COUNSEL ........ 8

PLAINTIFF'S PROPOSED INSTRUCTION NO. 7
RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE ........ 9

PLAINTIFF'S PROPOSED INSTRUCTION NO. 8
SYMPATHY ........ 10

PLAINTIFF'S PROPOSED INSTRUCTION NO. 9
BURDEN OF PROOF: GENERAL ........ 11

PLAINTIFF'S PROPOSED INSTRUCTION NO. 10
BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE ........ 12

PLAINTIFF'S PROPOSED INSTRUCTION NO. 11
WHAT IS AND IS NOT EVIDENCE ........ 14

PLAINTIFF'S PROPOSED INSTRUCTION NO. 12
LIMITING INSTRUCTION ........ 16

PLAINTIFF'S PROPOSED INSTRUCTION NO. 13
DIRECT AND CIRCUMSTANTIAL EVIDENCE ........ 17


**Commented [KB1]:** We did not update the table of contents.

**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 1
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 2
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 3
**Formatted:** Font color: Auto
**Deleted:** 5
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 6
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 8
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 9
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 10
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 11
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 12
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 14
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 16
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto
**Deleted:** 17
**Formatted:** Font color: Auto
**Formatted:** Font color: Auto

PLAINTIFF'S PROPOSED INSTRUCTION NO. 14
WITNESS TESTIMONY ........ 19

PLAINTIFF'S PROPOSED INSTRUCTION NO. 15
WITNESS CREDIBILITY ........ 21

PLAINTIFF'S PROPOSED INSTRUCTION NO. 16
BIAS ........ 23

PLAINTIFF'S PROPOSED INSTRUCTION NO. 17
INTEREST IN OUTCOME ........ 24

PLAINTIFF'S PROPOSED INSTRUCTION NO. 18
DISCREPANCIES IN TESTIMONY ........ 25

PLAINTIFF'S PROPOSED INSTRUCTION NO. 19
IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS ........ 26

PLAINTIFF'S PROPOSED INSTRUCTION NO. 20
EVIDENCE OF PRIOR INCONSISTENT STATEMENTS ........ 28

PLAINTIFF'S PROPOSED INSTRUCTION NO. 21
DEPOSITION TESTIMONY ........ 29

PLAINTIFF'S PROPOSED INSTRUCTION NO. 22
TESTIMONY: NUMBER OF WITNESSES ........ 30

PLAINTIFF'S PROPOSED INSTRUCTION NO. 23
TITLE IX INTRODUCTION ........ 31

PLAINTIFF'S PROPOSED INSTRUCTION NO. 24
TITLE IX DELIBERATE INDIFFERENCE ELEMENTS ........ 33

PLAINTIFF'S PROPOSED INSTRUCTION NO. 25
SEXUAL HARASSMENT VICTIM ........ 36

PLAINTIFF'S PROPOSED INSTRUCTION NO. 26
ACTUAL KNOWLEDGE ........ 36

PLAINTIFF'S PROPOSED INSTRUCTION NO. 27
APPROPRIATE PERSON ........ 36

PLAINTIFF'S PROPOSED INSTRUCTION NO. 28
DELIBERATE INDIFFERENCE ........ 37

**Deleted:** 19
**Formatted** ... [1]
**Formatted** ... [2]
**Deleted:** 22
**Formatted** ... [3]
**Formatted** ... [4]
**Deleted:** 24
**Formatted** ... [5]
**Formatted** ... [6]
**Deleted:** 25
**Formatted** ... [7]
**Formatted** ... [8]
**Deleted:** 26
**Formatted** ... [9]
**Formatted** ... [10]
**Deleted:** 27
**Formatted** ... [11]
**Formatted** ... [12]
**Deleted:** 29
**Formatted** ... [13]
**Formatted** ... [14]
**Formatted** ... [15]
**Deleted:** 30
**Formatted** ... [16]
**Deleted:** 31
**Formatted** ... [17]
**Formatted** ... [18]
**Deleted:** 32
**Formatted** ... [19]
**Formatted** ... [20]
**Deleted:** 33
**Formatted** ... [21]
**Formatted** ... [22]
**Deleted:** 34
**Formatted** ... [23]
**Formatted** ... [24]
**Deleted:** 35
**Formatted** ... [25]
**Formatted** ... [26]
**Deleted:** 36
**Formatted** ... [27]
**Formatted** ... [28]
**Deleted:** 37
**Formatted** ... [29]

PLAINTIFF'S PROPOSED INSTRUCTION NO. 29
PSEUDONYMS .......... 39

PLAINTIFF'S PROPOSED INSTRUCTION NO. 30
DAMAGES .......... 40

PLAINTIFF'S PROPOSED INSTRUCTION NO. 31
LIMITS ON DAMAGES INSTRUCTION .......... 41

PLAINTIFF'S PROPOSED INSTRUCTION NO. 32
CLOSING INSTRUCTION .......... 42

PLAINTIFF'S PROPOSED INSTRUCTION NO. 33
DUTY TO DELIBERATE .......... 44

CERTIFICATE OF SERVICE .......... 47

Formatted: Font color: Auto
Deleted: 38
Formatted: Font color: Auto
Formatted: Font color: Auto
Formatted: Font color: Auto
Deleted: 39
Formatted: Font color: Auto
Formatted: Font color: Auto
Formatted: Font color: Auto
Deleted: 40
Formatted: Font color: Auto
Formatted: Font color: Auto
Formatted: Font color: Auto
Deleted: 41
Formatted: Font color: Auto
Formatted: Font color: Auto
Formatted: Font color: Auto
Deleted: 43
Formatted: Font color: Auto
Formatted: Font color: Auto
Formatted: Font color: Auto
Deleted: 46
Formatted: Font color: Auto
Formatted: Font color: Auto

Deleted: PLAINTIFF'S

Deleted: .

PROPOSED INSTRUCTION NO. 1

JUROR ATTENTIVENESS

Members of the Jury: At the outset, I want to thank you for your patience and attention throughout this case, your care in the consideration of the testimonial and documentary evidence, your patience in the matter of recesses and delays when it has been necessary for me to hear counsel out of your presence, and your promptness, making it possible to start each session on time, and to resume sessions after recesses without delay.

I ask you to give me that same careful attention as I instruct you on the law. You have now heard all the evidence in the case and are about to hear arguments of the attorneys. Your job as jurors, to decide the facts of this case, is about to begin. In deciding the facts of this case, you must base your verdict solely on the evidence presented to you over the course of the trial. You must perform this function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both of the parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

---

Final Jury Instruction #1 at page 1 of 29, *Drummond Coal Sales, Inc. v. Norfolk Southern Railway Company,* 7:16-cv-00489-MFU ECF 320 (Urbanski, J); Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-1

Deleted: PLAINTIFF'S

Deleted: .

Deleted: as well as the final arguments of the lawyers for the parties...

## PROPOSED INSTRUCTION NO. 2

## ROLE OF THE COURT

You have now heard all of the evidence in the case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-2.

## PROPOSED INSTRUCTION NO. 3

Deleted: PLAINTIFF'S

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. When using the word "witness," I am, of course, referring as well to the parties in this case. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions -- about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Mr. Doe has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

---

*See* MPJI-CV 1:1(c) – Witness and Party (Modified); Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-3

## PROPOSED INSTRUCTION NO. 4

Deleted: PLAINTIFF'S

## JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-4

## PROPOSED INSTRUCTION NO. 5

Deleted: PLAINTIFF'S

## JURY TO DISREGARD COURT'S VIEW

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence. From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from

your mind completely, entirely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of hearing or sight.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-5

**PROPOSED INSTRUCTION NO. 6**

Deleted: PLAINTIFF'S

**CONDUCT OF COUNSEL**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-6

## PROPOSED INSTRUCTION NO. 7

Deleted: PLAINTIFF'S

## RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the Defendant to influence you in any way.

Deleted: s

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-9

## PROPOSED INSTRUCTION NO. 8

Deleted: PLAINTIFF'S

## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 71-10

**PROPOSED INSTRUCTION NO. 9**

**BURDEN OF PROOF: GENERAL**

Deleted: PLAINTIFF'S

This is a civil case and as such **Mr. Doe** has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that Mr. Doe has carried his burden on each essential point as to which he has the burden of proof, then you must find for Mr. Doe on his claim. If after such consideration you find the testimony of both parties to be in balance or equally probable, then Mr. Doe has failed to sustain his burden and you must find for the **University**.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 73-1

## PROPOSED INSTRUCTION NO. 10

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

**Deleted:** PLAINTIFF'S

**Deleted:**

**Formatted:** Font color: Auto

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering. What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

That is because the party bearing this burden must prove more than simple equality of evidence—they must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have to be proved by a preponderance of evidence. Some of you may have heard of proof beyond a

**Deleted:** If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. ...

**Deleted:** he

reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 73-2

**PROPOSED INSTRUCTION NO. 11**

**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The classic illustration of this concept is a question that assumes a fact not in evidence. For example, a lawyer might ask a witness, "When did you stop falsifying reports?" You would not be permitted to consider as true the assumed fact that the witness ever falsified reports, unless the witness themselves indicated they had, or unless there was some other evidence in the record that they had falsified reports. Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their

**Deleted:** PLAINTIFF'S

**Deleted:** The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" ...

**Deleted:** he

**Deleted:** ever beat his wife,

**Deleted:** himself

**Deleted:** he

**Deleted:** he had beaten his wife

summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls. Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection. Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 74-1 [74-2]

Deleted: PLAINTIFF'S

## PROPOSED INSTRUCTION NO. 12

## LIMITING INSTRUCTION

Some testimony and exhibits have been received only for a limited purpose. Where I have told you that you can consider a piece of evidence for a limited purpose only, and not for any other purpose, you should consider that evidence only for the limited purpose.

---

*See* Final Jury Instruction #4 at page 5 of 24, *Flanagan v. Scearce*, No. 7:19-cv-00413-TTC-RSB (W.D. Va. Sep. 30, 2021), ECF No. 148 (Cullen, J).

## PROPOSED INSTRUCTION NO. 13

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something they know by virtue of their own senses—something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Deleted: PLAINTIFF'S
Deleted:
Deleted: s
Deleted: his
Deleted: he
Deleted: s

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

MFJI 74-2

## PROPOSED INSTRUCTION NO. 14

## WITNESS TESTIMONY

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your mind's belief in the likelihood of truth. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

**Deleted:** PLAINTIFF'S

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Font color: Auto

**Formatted:** Font color: Auto, Not Highlight

**Deleted:** In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters. You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case. In evaluating credibility, you may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others.¶
In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.¶
You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

**Formatted:** Font color: Auto

Final Jury Instruction #6 at page 7, 8, and 9 of 24, *Flanagan v. Scearce*, No. 7:19-cv-00413-TTC-RSB (W.D. Va. Sep. 30, 2021), ECF No. 148 (Cullen, J) (verbatim).

PROPOSED INSTRUCTION NO. 15

Deleted: PLAINTIFF'S

WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in their testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

Deleted: his or her

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making this judgment, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did they appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was their demeanor—that is, their carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how they say it that moves us.

Deleted: he

Deleted: his

Deleted: his

Deleted: he

Deleted: s

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witnesses may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should

consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of his memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Deleted: his

Deleted: his

Deleted: his

In other words, what you must try to do in deciding credibility is to size a witness up in light of their demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Deleted: his or her

Deleted: You have heard testimony of law enforcement witnesses. People employed by the government, including police officers, do not stand in any higher or lower station in the community than other persons, and their testimony should be judged as to credibility in the same manner as all witnesses. ¶

---

Sand & Siffert (Vol. 4, 2005), MFJI Civ., 76-1

## PROPOSED INSTRUCTION NO. 16

Deleted: PLAINTIFF'S

## BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

---

MFJI 76-2

## PROPOSED INSTRUCTION NO. 17

Deleted: PLAINTIFF'S

## INTEREST IN OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony and accept it with great care.

Deleted: ,

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

MFJI 76-3

**PROPOSED INSTRUCTION NO. 18**

Deleted: PLAINTIFF'S

**DISCREPANCIES IN TESTIMONY**

You may have heard evidence of discrepancies in the testimony of certain witnesses, and counsel may have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in their testimony. You should, as always, use common sense and your own good judgment.

Deleted: his or her

MFJI 76-4

Deleted: PLAINTIFF'S

PROPOSED INSTRUCTION NO. 19

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

MFJI 76-5

Deleted: PLAINTIFF'S

## PROPOSED INSTRUCTION NO. 20

## EVIDENCE OF PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that at some earlier time the witness has provided testimony under oath concerning the subject matter of this trial. Even though these statements were not made in this courtroom, you may consider these statements as evidence as if they were made at this trial and rely on them as much, or as little, as you think proper.

When a statement is made under oath, you may use it not only to help you decide whether you believe the witness's testimony in this trial but also as evidence of the truth of what the witness said in the earlier statement. But when a statement is not made under oath you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness said in the earlier statement.

---

*United States v. Vance*, 216 F. App'x 360, 361 (4th Cir. 2007) (quoting Federal Rule of Evidence 801(d)(1)(A)); Moore v. State, No. 2262 SEPT.TERM 2015, 2016 WL 4474228, at *9 (Md. Ct. Spec. App. Aug. 24, 2016) (quoting the Maryland Criminal Pattern Jury Instruction ("MPJI–Cr") 3:19A for statements to be considered as substantive evidence).

## PROPOSED INSTRUCTION NO. 21

## DEPOSITION TESTIMONY

Deleted: PLAINTIFF'S

Formatted: Font color: Auto, Not Highlight

Formatted: Font color: Auto

During this trial, certain testimony was presented to you by reading of a deposition transcript or a video. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.).

Deleted: PLAINTIFF'S

## PROPOSED INSTRUCTION NO. 22

## TESTIMONY: NUMBER OF WITNESSES

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses, which does not produce in your mind's belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence, which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The testimony of a single witness which produces in your mind's belief in the likelihood of truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Deleted: ,

MPJI-CV 1:7 – Burden of Proof – Preponderance of Evidence Standard (Modified)

PROPOSED INSTRUCTION NO. 23

TITLE IX INTRODUCTION

Title IX is a federal law that prohibits discrimination on the basis of sex in certain education programs or activities that receive federal funding. The University of Maryland, College Park is a public university that receives federal financial assistance and is subject to Title IX.

Authority: 20 U.S. Code § 1681(a)

**Formatted:** Font color: Auto, Not Highlight

**Deleted:** Mr. Doe is suing under Title IX of the Education Amendments of 1972, a federal law that prohibits discrimination on the basis of sex. Title IX provides that:
"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

The University of Maryland, College Park is a public university that receives federal financial assistance and is subject to Title IX. Title IX permits a funding recipient to be held liable for its own deliberate indifference to known student-on-student sexual harassment.

**Formatted:** Font color: Auto

**Formatted:** Font: Century, Font color: Auto

**Formatted:** Indent: First line: 0.5"

**Formatted:** Font color: Auto, Not Highlight

## PROPOSED INSTRUCTION NO. 24

## TITLE IX AND THE BASIS FOR INSTITUTIONAL LIABILITY

In a claim alleging student-on-student sexual harassment, an educational institution is not automatically liable for the conduct of its students. The institution may be held liable only if Mr. John Doe proves the specific legal elements I will describe.

Deleted: .

Formatted: Font: Century, Font color: Auto

Formatted: Font color: Auto

Formatted: Font: Century, Font color: Auto

## PROPOSED INSTRUCTION NO. 25

## TITLE IX ELEMENTS

Mr. Doe must prove each of the following elements I will describe by a preponderance of the evidence. If Mr. Doe fails to prove any one element, your verdict must be for the University.

1. Mr. Doe was subjected to harassment on the basis of his sex.
2. That the harassment was sufficiently so severe, pervasive, and objectively offensive that it deprived him of equal access to an educational opportunity or benefit at the University.
3. The University acted with deliberate indifference in its response to such known harassment.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant University.

Authority: *See* Jury Instruction #5 at page 13 of 22, *Doe v. Fairfax County School Board, 1:18–cv–00614–MSN-IDD* (E.D. Va. Aug. 9, 2019), ECF No. 325-14

Deleted: PLAINTIFF'S
Deleted: 24
Formatted: Font color: Auto
Deleted: DELIBERATE INDIFFERENCE
Deleted: The plaintiff
Formatted: Font: Century, Font color: Auto
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Deleted: the plaintiff
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Deleted: defendant
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Deleted: ¶
¶
Deleted: The University of Maryland, College Park ("the "University") is liable for Mr. Doe's claim of sexual harassment, which is discrimination based on sex, if Mr. Doe proves by a preponderance of the evidence that:¶
Deleted: sexual
Deleted: based
Deleted: or
Deleted: to create a hostile environment in an educational program or activity…
Deleted: ¶
The University had actual knowledge of the alleged sexual harassment.
Formatted: Font color: Auto

PROPOSED INSTRUCTION NO. 26

HARASSMENT ON THE BASIS OF SEX

Plaintiff John Doe must prove by a preponderance of the evidence that he was subjected to harassment on the basis of his sex.

Deleted: DEFENDANT'S
Deleted: 12
Formatted: Font: Century, Font color: Auto
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Formatted: Paragraph, Centered, Line spacing: Double
Deleted: ¶

## PROPOSED INSTRUCTION NO. 27

## SEVERE, PERVASIVE, AND OBJECTIVELY OFFENSIVE

Plaintiff John Doe must prove by a preponderance of the evidence that the sex-based harassment was sufficiently severe, pervasive, and objectively offensive that it effectively deprived him of equal access to educational opportunities or benefits provided by the University of Maryland. "Objectively offensive" means that a reasonable person in the plaintiff's position would find the conduct hostile or abusive.

Deleted: DEFENDANT'S
Deleted: XXX
Formatted: Font: Century, Bold, Font color: Auto
Formatted: Font: Century, Bold, Font color: Auto, Not Highlight
Formatted: Font: Century, Font color: Auto
Formatted: Font: Century, Font color: Auto, Not Highlight
Formatted: Font: Century, Font color: Auto
Formatted: Normal, Left, Indent: First line: 0.5"
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Deleted: Plaintiff
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Formatted: Font color: Auto
Formatted: Font: Century, Font color: Auto
Deleted: "
Formatted: Font: Century, Font color: Auto, Not Highlight
Formatted: Normal

PROPOSED INSTRUCTION NO. 28

DEPRIVATION OF EDUCATIONAL OPPORTUNITIES OR BENEFITS

A sexual harassment victim can be deprived of access to educational opportunities or benefits in several circumstances, including when the harassment (1) results in the physical exclusion of the victim from an educational program or activity; (2) so undermines and detracts from the victim's educational experience as to effectively deny her equal access to an institution's resources and opportunities; or (3) has a concrete, negative effect on the victim's ability to participate in an educational program or activity.

---

*See* Jury Instruction #6 at page 14 of 22, *Doe v. Fairfax County School Board, 1:18–cv–00614–MSN-IDD* (E.D. Va. Aug. 9, 2019), ECF No. 325-14

---

*See* Jury Instructions #8 and #9 at page 16 and 17 of 22, *Doe v. Fairfax County School Board, 1:18–cv–00614–MSN-IDD* (E.D. Va. Aug. 9, 2019), ECF No. 325-14

**Deleted:** PLAINTIFF'S

**Deleted:** 25

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Font color: Auto

**Formatted:** Font color: Auto, Not Highlight

**Deleted:** SEXUAL HARASSMENT VICTIM

**Deleted:** said to have been

**Deleted:** A single instance of student-on-student sexual harassment violates Title IX when it has the systemic effect of denying the victim equal access to an educational program or activity.¶

**Deleted:** PLAINTIFF'S PROPOSED INSTRUCTION NO. 26¶
ACTUAL KNOWLEDGE¶
A University has actual knowledge of student-on-student sexual harassment only if an "appropriate person" employed by the school board has actual knowledge of the harassing conduct.¶
¶
ACTUAL KNOWLEDGE¶
A University has actual knowledge of student-on-student sexual harassment only if an "appropriate person" employed by the school board has actual knowledge of the harassing conduct.¶
¶
A University has actual knowledge of student-on-student sexual harassment only if an "appropriate person" employed by the school board has actual knowledge of the harassing conduct.¶
¶
¶
¶
→→→→→→¶
*See* Jury Instruction #7 at page 15 of 22, *Doe v. Fairfax County School Board, 1:18–cv–00614–MSN-IDD* (E.D. Va. Aug. 9, 2019), ECF No. 325-14 ¶
PLAINTIFF'S PROPOSED INSTRUCTION NO. 27¶
APPROPRIATE PERSON¶
An "appropriate person" is a university official with authority to take action on behalf of the university to correct the student-on-student harassment.¶
PLAINTIFF'S PROPOSED INSTRUCTION NO. 27¶
APPROPRIATE PERSON¶
An "appropriate person" is a university official with authority to take action on behalf of the university to correct the student-on-student harassment.¶
APPROPRIATE PERSON¶
An "appropriate person" is a university official with authority to take action on behalf of the university to correct the student-on-student harassment.¶
An "appropriate person" is a university official with authority to take action on behalf of the university to correct the student-on-student harassment.¶
In this case, the appropriate persons at the University authorized to take corrective action on behalf of the University were Grace Karmiol ("Karmiol"), the Title IX Coordinator of the University and the Director of the Office for Civil Rights and Sexual Misconduct ("OCRSM") and Angela Nastase ("Nastase"), the Deputy Title IX Coordinator of the University and the Deputy Director of OCRSM.¶

PROPOSED INSTRUCTION NO. 29

DELIBERATE INDIFFERENCE

Plaintiff John Doe must prove by a preponderance of the evidence that the University's response to the alleged harassment was deliberately indifferent. "Deliberate indifference" means that the University's response, in light of the known circumstances at the time, was clearly unreasonable. "Deliberate indifference" is a high standard that requires more than a mere showing of negligence.

*Doe v. Fairfax Cnty. Sch. Bd.*, 1 F. 4th 257, 271 (4th Cir. 2021).

Deleted: PLAINTIFF'S

Deleted: 28

Deleted: "Deliberate indifference" means that the University's response to the alleged harassment or lack of response was clearly unreasonable in light of all the known circumstances.¶

Formatted: Font: Century, Font color: Auto

Formatted: Font color: Auto

Deleted: *SEE* JURY INSTRUCTION #10 AT PAGE 18 OF 22, *DOE V. FAIRFAX COUNTY SCHOOL BOARD, 1:18–CV–00614–MSN-IDD* (E.D. VA. AUG. 9, 2019), ECF NO. 325-14 ¶

Formatted: Font: Arial

Formatted: Normal, Left

DEFENDANT'S PROPOSED INSTRUCTION NO. 30

CAUSATION

Plaintiff John Doe must prove by a preponderance of the evidence that the University's deliberate indifference caused him compensable harm.

Deleted: 17

Formatted: Font: Century, Font color: Auto

Formatted: Font color: Auto

Formatted: Font: Century, Font color: Auto

Deleted: the

Deleted: plaintiff

Formatted: Font color: Auto

Formatted: Font color: Auto

## PROPOSED INSTRUCTION NO. 31

## PSEUDONYMS

The parties used pseudonyms for the Plaintiff and another former student involved in this case. In your consideration of the claims and evidence in this case, you should not assign any relevance to the use of pseudonyms or to the fact that the parties agreed to use pseudonyms.

Deleted: PLAINTIFF'S
Deleted: 29
Formatted: Font color: Auto, Not Highlight
Formatted: Font color: Auto
Formatted: Font color: Auto, Not Highlight
Formatted: Font color: Auto

*See* Jury Instruction #2 at page 9 of 22, *Doe v. Fairfax County School Board, 1:18–cv–00614–MSN-IDD* (E.D. Va. Aug. 9, 2019), ECF No. 325-14

## PROPOSED INSTRUCTION NO. 32

## DAMAGES

After considering all the evidence presented, if you determine that the University acted lawfully, you should not award Mr. John Doe any damages.

However, if you determine that the University violated Title IX, then you must determine an amount that is fair compensation for Mr. Doe's damages.

There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. The law does not require that Mr. Doe prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not speculate about damages. Your award must be based on evidence.

*See* Jury Instruction #12 at page 20 of 22, *Doe v. Fairfax County School Board, 1:18–cv–00614–MSN-IDD* (E.D. Va. Aug. 9, 2019), ECF No. 325-14

Deleted: PLAINTIFF'S
Deleted: 0
Formatted: Font color: Auto, Not Highlight
Formatted: Font color: Auto
Formatted: Font color: Auto, Not Highlight
Deleted: If you find, after considering all the evidence presented, ...
Deleted: Mr. Doe's rights
Formatted: Font color: Auto
Formatted: Font color: Auto, Not Highlight
Deleted: On the other hand,
Deleted: t
Formatted: Font color: Auto
Formatted: Font color: Auto

PROPOSED INSTRUCTION NO. 33

LIMITING INSTRUCTION ON DAMAGES

You may not award Mr. John Doe any damages for emotional distress, psychological damage, pain and suffering, humiliation, loss of self-esteem, or reputational harm. Nor may you award punitive damages. These damages are not available in Title IX actions.

---

*Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022); *Mercer v. Duke Univ.*, 50 F. App'x 643 (4th Cir. 2002).

**Deleted:** PLAINTIFF'S

**Deleted:** 31

**Deleted:** ON DAMAGES

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Font color: Auto

**Formatted:** Font color: Auto, Not Highlight

**Formatted:** Font color: Auto

**Formatted:** Font color: Auto, Not Highlight

**Deleted:** You should not consider the fact that I have instructed you about the measure of damages as suggesting any view of mine as to which party should receive your verdict. Instructions about damages are given for your guidance, in the event you should find in favor of Mr. Doe.¶
You are instructed that the question of damages is entirely separate and different from the question of liability. You should not consider the question of whether Mr. Doe is entitled to damages until you have first considered and decided the question of whether the University is liable.

**Deleted:** ¶

**Formatted:** Font: Century, Font color: Auto

**Formatted:** Font color: Auto

**Deleted:** Authority: *See* Final Jury Instruction #15 at page 19 of 24, *Flanagan v. Scearce*, No. 7:19-cv-00413-TTC-RSB (W.D. Va. Sep. 30, 2021), ECF No. 148 (Cullen, J.).¶

**Formatted:** Font: Century, Font color: Auto

**Deleted:** ¶

PROPOSED INSTRUCTION NO. 34

CLOSING INSTRUCTION

In a few moments, I will finish these instructions and then the attorneys will have the opportunity to present their closing arguments. Then, it will be time for you to retire to the jury room to begin your deliberations. I will instruct you after closing arguments as to how you should conduct those deliberations. For now, I would ask each of you to give your attention to the attorneys as they give their closing arguments. After the closing arguments, we will give you one official verdict form before you begin your deliberations.

I have given you your instructions as to the law, and we are ready for the closing arguments.

As I have instructed you, this is a civil action and the burden is on Mr. Doe in a civil action to prove each element by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on Mr. Doe, under our legal system, Mr. Doe will have the right to open and close the arguments. So, you will first listen to counsel for Mr. Doe, then you will listen to counsel for the University, and then since the burden of proof is on Mr. Doe, he will have the right to present the final closing argument.

As I told you at the very beginning of this trial and again in instructing you on the law, neither the opening statements nor the closing arguments are evidence

Deleted: PLAINTIFF'S
Deleted: 2
Formatted: Font color: Auto, Not Highlight
Formatted: Font color: Auto
Deleted: the case

in the case and must not be considered by you as such. The closing arguments will be made now to assist you in evaluating the evidence and applying the law.

Formatted: Font color: Auto

---

Authority: *See* Final Jury Instruction #16 at page 20 and 21 of 24, *Flanagan v. Scearce*, No. 7:19-cv-00413-TTC-RSB (W.D. Va. Sep. 30, 2021), ECF No. 148 (Cullen, J).

PROPOSED INSTRUCTION NO. 35

DUTY TO DELIBERATE

You will now return to decide the case. In order to prevail, Mr. Doe must sustain his burden of proof as I have explained to you with respect to each element of the complaint. If you find that Mr. Doe has succeeded, you should return a verdict in his favor on that claim. If you find that Mr. Doe failed to sustain the burden on any element of the claim, you should return a verdict in favor of the University.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourselves but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender their conscientious beliefs solely for the purpose of returning a unanimous verdict.

Deleted: PLAINTIFF'S

Deleted: 33

Deleted: (or the University)

Deleted: against Mr. Doe.

Deleted: himself or herself,

Deleted: his or her

Your foreperson is Juror #1. This person will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the court security officer. Never attempt to communicate with the Court except in writing. And bear in mind always that you are not to reveal to the Court or to any person how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Deleted: →

A form of verdict has been prepared for you. It has a series of questions for you to answer. In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case.

You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or

manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

When you have reached a unanimous agreement as to your verdict, please notify the bailiff and you will return to the courtroom with your verdict. Now, when you return to the courtroom, the clerk will ask you, have you arrived at a verdict and who shall say for you. Your answer will be, "our foreperson." Your foreperson then will rise and give the verdict.

Deleted: →

---

MFJI 78-3; MPJI-CV 1:14 – Conclusion – Unanimous Verdict (Modified); MPJI-CV 1:13 – Case Submission on Issues

## CERTIFICATE OF SERVICE

I certify that on September 4, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to the counsel of record.

Formatted: Font color: Auto

Deleted: following

*/s/* ____
Jason C. Greaves

*Counsel for Plaintiff*

Formatted: Font color: Auto

Formatted: Font color: Auto

Formatted: Font color: Auto

| Page ii: [1] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [2] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [3] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [4] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [5] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [6] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [7] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [8] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [9] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [10] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [11] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [12] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [13] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [14] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [15] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [16] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [17] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [18] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [19] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [20] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [21] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [22] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [23] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [24] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [25] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [26] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [27] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [28] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
|---|---|---|

Font color: Auto

| Page ii: [29] Formatted | Bradley, Kathryn | 9/4/26 4:41:00 PM |
| --- | --- | --- |

Font color: Auto