# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
Paula Xinis
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane
Greenbelt, MD 20770
(301) 344-0653

September 21, 2026

***Via ECF***

Re: *Doe v. University of Maryland*, Civ. No. 22-cv-872-PX

Dear Counsel,

Please find below my rulings regarding the objections to the designated video deposition testimony. The rulings are final unless otherwise indicated below. If I have deferred on a ruling, please be prepared to discuss the first morning of trial, before jury selection.

Along these lines, I want to make clear that at trial, you may provide an edited transcript or closed-caption text to run alongside the video testimony if it would aid the jurors as they watch the video. But neither the video nor the transcripts will go back to the jury room during deliberations. This is so the video testimony most closely approximates live testimony for which there are no readbacks or trial transcripts made available during deliberations. Before the trial begins, I alert the jury that they will not be given transcripts or readbacks so that they may take notes accordingly, if they wish.

**<u>Defendant Three</u>**

**University's Objections (ECF No. 178)**

The Court has reviewed the University's objections, and in large measure, the Court overrules them. Defendant three details a relevant course of conduct that establishes the basis for Doe's complaint to the Title IX Office. It also establishes the PSA's primary on-campus aim to target persons (mostly men) accused of sexual assault, including Doe, for public scorn and retribution. If, as the call of certain objections suggest, the Title IX Office personnel assert they were unaware of PSA's activities, then the lack of awareness in the face of PSA's course of conduct itself is relevant to the jury determination of deliberate indifference. Particular to Doe, the testimony regarding PSA's aim to have him removed from Club Lacrosse because, in their view, he is a sexual predator, is squarely in line with the second complaint and thus corroborates its legitimacy. This evidence, in combination with the Title IX Office's contemporaneous interactions with Doe, Klier, and Fisher, and the testimony about the nature and function of the PSA on campus, raises the reasonable inference that the Title IX Office knew about the PSA's

targeting activities. Or, alternatively, they were willfully blind to the same because they had made the allegedly unsupportable decision that the allegations were not properly handled by the Title IX Office. In light of this ruling, the Court likewise overruled Doe's objections to responsive counterevidence, as detailed below.

The following objection to Page 61-21 – 62:22 is **sustained.** While the Court recognizes the limited relevance of the "burning down the patriarchy" comment, the testimony also elicits defendant three's estimation of the amount of "evidence" Roe had in her Title IX case. I have sustained the same testimony that the University seeks to elicit in that regard, so in fairness, this testimony must be excluded as confusing and misleading and prejudicial.

**Doe's objections to the University's counter-designations (ECF No. 177-4)**

Pages 33-34 - **sustained**. This witness lay opinion on the veracity of Doe's complaint is irrelevant, confusing, prejudicial and lacks any personal knowledge.

Pages 35-36:10 – **sustained.**

Page 36:11-12 - **overruled** -as responsive to the remaining testimony which is admitted.

Page 39: 5-11 - **sustained** – defendant three's review of the Title IX "evidence" is wholly irrelevant and prejudicial, misleading and confusing.

Page 42: 3-9 - **sustained** as irrelevant and confusing.

Page 46:1-22 - **overruled** in light of the testimony which generates the fair inference that the Title IX Office should be aware of PSA and its role on campus; it is fair that the University would elicit this counter evidence.

Page 47:3-11 – **overruled** – responsive to the testimony that Doe seeks to elicit regarding the role of the PSA on campus.

Page 49:6-20 – **sustained** – defendant three's agreement or disagreement with Roe's speech is irrelevant and confusing.

Page 57:9-25 - **overruled** – Doe's theory is that the PSA helped Roe target Doe on the basis of sex and he has designated testimony regarding the PSA's assistance to largely female victims, which permits this testimony as responsive.

Page 67: **sustained** - apart from this being non-evidence, it is wholly irrelevant that defendant three "skimmed" Roe's Title IX "evidence" for the reasons previously articulated.

Page 92:1-20: **overruled** – (subject to revisiting should Doe wish to be heard on the objection) as relevant to rebutting the evidence that the PSA in conjunction with Roe and PSA Presidents Defendants two and three having targeted Doe for ouster from Club Lacrosse and to brand him as a rapist and sexual predator.

Pages 105:22-108:16 - **overruled** as it rebuts allegations of PSA and Title IX working together, and by extension, rebuts Title IX's knowledge of PSA's activities more broadly.

Pages 108:16-109:6 - **sustained** as irrelevant and confusing.

Page 111 **– reserved**. I cannot tell from the testimony or the objections what Exhibit A is and what the relevance is.

Pages 116:6 – 117:16 – **sustained**. Defendant three cannot attest to Skiscim's motivations; nor does Skiscim's hearsay testimony that post-date the nonspecific "allegations" satisfy any hearsay exceptions; the remainder is inadmissible because defendant three has no personal knowledge and is speculating based on hearsay.

Page 119:15-22 – **sustained** - No foundation or basis of knowledge for this witness to attest to the University's involvement or lack thereof. And testimony based on "off the record conversations" is hearsay.

Page 121: 20-25 – **sustained** – testimony regarding her role as "no longer a defendant" is irrelevant.

Pages 124:17 – 126:10 – **sustained -** testimony regarding her settlement agreement is irrelevant, prejudicial and confusing. Remaining testimony is cumulative of other previously sustained testimony and so is sustained for the same reasons.

Pages 126:11-127:23 – **overruled** as responsive to testimony elicited by Doe and admitted in his case.

Pages 127:24 – end - **sustained**. Defendant three's speculation about an alternative legal reason is confusing, prejudicial and without foundation. If elicited at trial and with objection, I would have directed the jury to disregard the answer.

Pages 138:15-140:30 - **sustained** – for the same reasons as above; testimony regarding defendant three's lawsuit is irrelevant; what Fisher told her or recommended is hearsay and irrelevant, as is PSA's decision to remove someone from its club.

**Grace Karmiol**

**University Objections (ECF No. 178)**

Pages 15:5-17 – **overruled** – the testimony is relevant to whether the regulations had been substantially the same (which may impact the issue that is currently reserved). The remaining testimony is relevant and probative as to the University Title IX complaint process.

Pages 29:22-30:5 – **overruled** – as relevant to what the Title IX Office knew and to Doe's complaint process. To the extent the University wishes a limiting instruction on hearsay, I will entertain something along the lines of that the testimony is elicited to understand what the Title

IX Office believed Doe had been experiencing, not specifically for the truth of whether PSA was "using defendant's name."

Page 51:5 – 59:22 – **reserve** – I will hear argument to better understand why this is an issue when the policies were substantially similar over the years. As for the reference on page 59 to Karmiol having dismissed "two" of Doe's complaints, the Court will not exclude the testimony but will entertain desire for a limiting instruction to the jury to remind them that the subject of this trial is the second of the Doe complaints.

Page 75:1-80:5 – **overruled** - about the Roe investigation, the Court will allow the testimony because it is limited and relevant for the purposes of distinguishing the nature and extent of the investigation the Title IX Office conducted for Roe as compared to its determinations for Doe, and from Doe's perspective, highlight the irrationality of the decision to dismiss his complaint.

Page 108-128 – **reserve –** The Court recognizes that the testimony concerns the third, May 2022 complaint, the Court tentatively grants the objection insofar as it references that complaint. But the Court also recognizes that the University is defending the dismissal of the second complaint as "not on the basis of sex"; Karmiol's testimony on what that means (or does not mean) is relevant and probative to undercut the defense. Accordingly, the Court will hear the parties as to how the testimony may be limited through instruction or otherwise to address the University's concern regarding the reference to the third complaint, while permitting Doe the relevant testimony regarding how the Title IX Office arrived at the "on the basis of sex" determination in dismissing Doe's second complaint.

Page 129:15 –133:1 **-overruled** – the limited reference to Roe's Title IX complaint is relevant to the Title IX's Office's complaint process vis Doe. The remaining testimony is relevant to the Title IX Office knowledge and interaction with PSA. The Court sees no specific reference to the May 2022 complaint, but to the extent the generalized reference to "complaints" warrants discussion about a limiting instruction regarding Doe having filed several complaints but before the jury is only the second complaint, I will entertain the request.

Sincerely,

/S/
PAULA XINIS
United States District Judge