**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MARYLAND, COLLEGE PARK, *et al.*<br><br>Defendants. | ) | Civil Action No. 8:22-cv-00872-PX |

**VOIR DIRE**

A former student at the University of Maryland, College Park (the "University"), proceeding under the pseudonym "John Doe," has filed this lawsuit against the University under Title IX of the Education Amendments of 1972 ("Title IX"). Due to the sensitive nature of the allegations in this case, which involve conduct among students at the University, the parties and certain witnesses will be referred to by pseudonyms throughout these proceedings. The use of pseudonyms is a standard privacy measure in cases involving sensitive allegations among students and is intended solely to protect the privacy and dignity of the individuals involved — including the Plaintiff, other students, and any witnesses who may be called to testify. The Court has authorized the use of pseudonyms in this case, and the true identities of these individuals will not be disclosed during the trial. The use of pseudonyms should have no bearing on your deliberations.

1. Do you know anything about this case from any source whatsoever?

2. This trial is expected to last this week and possibly into next week to accommodate deliberations. On most days, trial will take place between 9:30 in the morning and until 5:00 in the afternoon. We will take a one-hour lunch break and at least a 15-minute break in the morning and afternoon. Is there any reason why you could not serve for these dates and times?

3. The lawyers and law firms involved in this case are the Binnall Law Group and the Maryland Office of the Attorney General. Do you or your immediate family members know any of, or had business with, these attorneys or law firms?

4. Do you or any member of your immediate family know me, any of my staff, or any employee of the United States District Court for the District of Maryland?

5. Do you or any of your relatives work for the University of Maryland, College Park, or know anyone who works for the University of Maryland, College Park?

6. Do you know any of the following individuals who may be called as witnesses or discussed during this case:

   a. Phoebe Kurniawan

   b. Andrew Skiscim

   c. Ben Abraham

   d. Grace Karmiol

   e. Angela Nastase

f. Lindsay McKasson

g. Kurt Klier

h. Cortney Fisher

i. James Bond

7. Have you, a friend, or family member, ever been accused of sexual misconduct?

8. Have you, a friend, or family member ever accused anyone else of sexual misconduct?

9. Have you had any experience with high school or college disciplinary procedures, either as a party, witness, administrator, or supporter?

10. Have you, a friend, or family member, ever been a party to a lawsuit?

11. Have you, or any member of your family ever worked for a school or educational institution?

12. Have you ever participated in or been a member of a student organization at a college or university?

13. Are you now, or have you ever been, a member of, donor to, or volunteer with any organization focused on sexual-assault prevention, survivors' rights, or college and University Title IX policy?

14. Do you have any beliefs or opinions that would make it difficult for you to fairly evaluate a claim brought by a someone who believes he has been the victim of harassment?

15. Do you have strong feelings about awarding monetary damages against a public university?

16. Have you ever served on a jury before?

17. Do you have any physical or mental challenges that may make it difficult or impossible for you to serve as a juror?

18. Do you have any views about our legal system that may affect your ability to serve as a fair and impartial juror?

19. If you are selected as a juror, I will instruct you on the law that applies in this case. Will you have any difficulty following my instructions even if you personally disagree with them?

20. Do you have any other reason why you could not serve as a fair and impartial juror in this case?