**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MARYLAND, COLLEGE PARK, *et al.*<br><br>Defendants. | ) | Civil Action No. 8:22-cv-00872-PX |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LIMITED MODIFICATION OF PSEUDONYM ORDERS <u>FOR USE OF REAL NAMES AT TRIAL ONLY</u>**

The University's motion to use real names at trial—filed on September 21, 2026, just one week before trial—is an untimely attempt to upend the privacy protections that have governed this litigation for over four years. The fact remains that the use of Plaintiff's real name would cause him significant prejudice. The University should not be permitted to argue to the contrary at the eleventh hour. Accordingly, this Court should deny the motion.

## ARGUMENT

### I. The University's Motion Is Untimely.

The University consented to the pseudonym framework over four years ago and did not file any motion objecting to it until one week before trial. This belated challenge should be rejected.

The procedural history is clear. On June 24, 2022, Plaintiff moved for leave to proceed under a pseudonym. ECF No. 35. The University did not object to this motion. Rather, the Parties subsequently submitted an agreed order on July 13, 2022, to proceed under a pseudonym. ECF No. 44. The entire litigation then proceeded using pseudonyms. On September 13, 2026, when the Parties submitted their pretrial order, Plaintiff again noted his intention to proceed under a pseudonym. ECF No. 173 at 16. The University did not object. *Id.* Only now—on September 21, 2026, seven days before trial—does the University seek to unravel the pseudonym protections that have been longstanding in this case. The University should not be rewarded for its delay in raising any objection to the use of pseudonyms at trial.

## II. The *James v. Jacobson* Factors Continue to Favor Pseudonym Use.

The Fourth Circuit applies five non-exclusive factors to determine whether a party may proceed under a pseudonym. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."). Each factor continues to weigh in Plaintiff's favor.

First, Plaintiff seeks to preserve privacy in a sensitive and highly personal matter. This case involves allegations of sexual assault. This is one of the most sensitive categories of cases recognized by courts in the pseudonym analysis. Even though Plaintiff was fully exonerated, the mere public association of his name with sexual assault allegations would cause irreparable harm. As Plaintiff's original memorandum established, "[a]ccusations of sexual misconduct [are] fundamentally a private matter. In the current social climate, even an accusation of gender-related violence is sufficient to brand someone for life." ECF No. 35-1 at 1.

Courts within the Fourth Circuit have consistently held that cases involving sexual assault allegations justify pseudonym use. *See* ECF No. 35-1 at 4–5 (collecting cases). Nothing has changed about the nature of the underlying allegations. This factor weighs strongly in Plaintiff's favor.

Second, identification poses a risk of retaliatory harm. Plaintiff has already suffered retaliation as a result of the false allegations. After his exoneration, Jane Roe and Defendants 2 and 3 spread the lie that Plaintiff was a rapist, contacted his lacrosse team, and caused him to be removed from the team. These are not speculative harms. Instead, such harms have already occurred. Disclosure of Plaintiff's name at trial has the potential to compound this harm by permanently and publicly associating his legal name with allegations of sexual assault in the court record. *See Doe v. The Rector and Visitors of George Mason Univ.*, 179 F. Supp.3d 583, 593 (E.D. Va. 2016) (recognizing risk of retaliatory harm from public association with sexual assault allegations). That Plaintiff will be present and testify at trial does

not alleviate the concerns of his legal name being made public. The University's contention that Plaintiff has not identified a risk ignores this reality. There is a vast difference between being present in a courtroom and having one's name permanently linked to sexual assault allegations in searchable public records.

Third, Plaintiff's age at the time of the underlying events supports continued pseudonym use. Plaintiff was a college student at the time of the underlying events. Courts have recognized that being over eighteen should not be held against a college student seeking anonymity. *See Yacovelli v. Moeser*, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004). Moreover, Plaintiff is now at the beginning of his professional career. Permanently branding him with false sexual assault allegations at this formative stage would be devastating to his career prospects and personal life. This factor, minimally, is neutral, as was the case in *Yacovelli*.

Fourth, the action is against a governmental entity, the University. Courts are more inclined to permit pseudonym use in actions against the government, because the reputational concerns that may arise when a private individual is sued are not present. *See Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. Jul. 13, 2016). This factor weighs in Plaintiff's favor.

Fifth, there is minimal risk of unfairness to the University. The University has known Plaintiff's identity from the inception of this litigation. The University has defended this case for over four years under the pseudonym framework and has never claimed that pseudonym use hindered its defense.

Instead, the University now argues that a jury would be more sympathetic to Plaintiff if he is permitted to proceed under a pseudonym at trial. ECF No. 181 at 5 (quoting *Doe v. Trustees of Indiana Univ.*, 577 F. Supp. 3d 896, 907 (S.D. Ind. 2022)). In *Trustees of Indiana University*, the defendant raised these concerns in its briefing. Rather than explicitly holding that they are reasons to deny proceeding under a pseudonym at trial, the court simply held that the concerns are valid. *Trustees of Indiana Univ.*, 577 F. Supp. 3d at 907. Ultimately, the court denied use of a pseudonym because "Plaintiff, as the movant, has failed to meet his burden of 'show[ing] that *some combination of these factors* outweighs the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion.'" *Id.* at 908 (quoting *Doe v. Cook Cnty.*, 542 F. Supp. 3d 779, 785 (N.D. Ill. 2021)) (emphasis added).

Here, even if this factor did weigh in the University's favor—Plaintiff does not concede that it does—the combination of the rest of the factors still weigh in favor of permitting the use of a pseudonym at trial. As this District has noted, in addressing similar concerns of jury prejudice, "the court could consider fashioning a jury instruction to curb any potential inference" that the defendant complains of, and "potential factfinder prejudice, if any, may be avoidable and amendable to reasonable cure that would allow Plaintiff to safeguard her identity while ensuring a fair trial for all Defendants." *Doe v. Anne Arundel Cnty.*, 2024 WL 2053719, at *3 n.2 (D. Md. May 8, 2024). So too here, Plaintiff would be amenable to a jury instruction alleviating any prejudice concerns that the University now complains of.

As for voir dire, the University's concern that it cannot meaningfully screen jurors is unfounded. Voir dire can be conducted effectively by providing jurors with identifying details—such as the university attended, the time period at issue, and involvement in certain campus organizations—without revealing legal names in open court. And as for the presentation of evidence, the Parties have already gone through the process of redacting legal names in all exhibits. Therefore, proceeding under a pseudonym, at this stage, does not create any additional expense for the University.

While the court in *E.E.O.C. v. Spoa, LLC* issued a ruling permitting the plaintiff to remain anonymous in written rulings, but proceed under their legal name in open court, the plaintiff there conceded to such a course of action. *See E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337, at *1 n.1 (D. Md. Oct. 15, 2013) ("Doe is willing to appear under her legal name in open court, but moves to proceed under a pseudonym in the pleadings, motions, docket entries, and all written materials filed in this case."). Here, Plaintiff makes no such concession. Instead, as outlined above, an order to the contrary would prejudice Plaintiff.

Courts have recognized that the crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed under a pseudonym. *See Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647, at *2 (W.D. Va. Nov. 13, 2018) ("The crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying

constitutional issue.") (internal citations omitted). The public's interest in openness is fully served by public access to the proceedings, the pleadings, and the Court's rulings—none of which require disclosure of Plaintiff's real name.

The University identifies no change in circumstances that would warrant disturbing the course of this litigation. The University could have raised its objections at any point during the past four years. It chose not to. It should not be permitted to do so now, at the eleventh hour, to the prejudice of Plaintiff.

**CONCLUSION**

For the foregoing reasons, Plaintiff John Doe respectfully requests that this Court deny Defendant's Motion for Limited Modification of Pseudonym Orders for Use of Real Names at Trial Only and order that the pseudonym orders remain in full force and effect.

Dated: September 22, 2026

Respectfully submitted,

*/s/ Jared J. Roberts*

Jared J. Roberts, *pro hac vice*
Jason C. Greaves, MD Bar No. 2310170002
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jared@binnall.com

*Counsel for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jared J. Roberts*
Jared J. Roberts, *pro hac vice*

*Counsel for Plaintiff John Doe*